IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFERSON OPPER RAFFIELD,

     Plaintiff,

v.                             CASE NO. 5:09-cv-00004-MCR-GRJ

STATE OF FLORIDA, WARDEN,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed the original complaint in this case on January 8, 2009, and an amended complaint on June 1, 2009 alleging that three unnamed persons at Washington Correctional Institution opened his cell door to allow an unnamed inmate to stab him repeatedly. (Doc. 15). The incident allegedly occurred in May 2006. Plaintiff sued the State of Florida and the Warden at Washington Correctional Institution. Plaintiff was advised that the Court could not serve the complaint upon unnamed persons and, therefore, he must name the correctional officers who opened his cell door and the Warden, if he was alleging that the Warden covered up the incident by transferring him. (Doc. 27). The Court advised that the Plaintiff could learn the identities of the correctional officers from the incident reports or medical records. Id. This Order was returned as undeliverable. (Doc. 28).

Plaintiff then advised the Court of his new address (Doc. 29), and the Order was re-mailed to him. (Doc. 31). No new complaint was filed, and on April 12, 2010, the Court entered a show cause order warning Plaintiff that his case would be dismissed for

failure to prosecute if he did not respond.  (Doc. 33).  Plaintiff has responded and

advises that he cannot learn the names of the defendants, so he has not filed an

amended complaint.  (Doc. 34).

An Administrative Order mailed to Plaintiff at his last known address on

September 10, 2010, (Doc. 35), has now come back as undeliverable.  (Doc. 36).

The Court at present has no current address for communicating with Plaintiff.

Also, Plaintiff apparently has been unable to determine the identity of the defendants,

even though he has been released from custody for at least seven months and is in a

better position to make inquiries and obtain documents to learn this information.

A trial court has inherent power to dismiss a case *sua sponte* for failure to

prosecute.  Link v. Wabash Railroad, 370 U.S. 626 (1962); Eades v. Alabama Dept. of

Human Resources, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to

dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was

on notice that such failure may result in dismissal).  Fed. R. Civ. P. 41(b) also

authorizes a district court to dismiss an action for failure to obey a court order.

Plaintiff has failed to comply with an order of this Court directing that he file an

amended complaint.  (Docs. 27 and 31).  He was told that he must provide the specific

names of the defendants or the Court cannot serve them with the amended complaint

and he has responded that he does not have this information. Because  the Court does

not have a current address for Plaintiff and Plaintiff has failed to follow the previous

order of the Court instructing him to file an amended complaint this case should be

dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED**

without prejudice.

At Gainesville, Florida, this 27th day of September, 2010.


*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**